

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REGGIE MILLER, B-15344,           )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    No. 04 C 3686
                                  )
MARILYN COUTEE, et al.,           )
                                  )
            Defendants.           )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant Defendants' motion.

## BACKGROUND

Plaintiff Reggie Miller ("Miller"), a state prisoner, was issued a disciplinary report for fighting and making a threat. The disciplinary report, prepared by Officer Darryl Carter, cited Miller's two violations and stated in part that:

> On the above date and approx. time, Res. Miller was observed fighting in his cell with Res. Harris K56279 and after chemical agents were used to stop inmates from fighting, Res. Miller stated, "If you put your hands on me again, I'm going to beat your ass too"! I later escorted Res. Miller to Unit I.

1

(Pl.'s Ex.). Miller was served with a copy of the disciplinary report and subsequently initiated a hearing before the Adjustment Committee. After considering the disciplinary report and the evidence presented at the hearing, the Adjustment Committee issued a final summary report which found Miller guilty of both violations and ordered that he be placed in segregation for three months. *Id.* Miller then filed a grievance concerning the disciplinary report which the Administrative Review Board reviewed and subsequently denied. *Id.* Miller has since filed a complaint pursuant to 42 U.S.C. § 1983 and alleges that his due process rights were violated because "[he] was found guilty for a mistake" made by the Adjustment Committee when it found him guilty of the threat violation. (P.'s Compl. 4-5). Specifically, Miller has requested that the threat violation be taken off his record and that he be awarded $100.00. *Id.* at 6.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-

2

46 (1957). However, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Highs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Before a prisoner can be disciplined, the prison authorities must provide the prisoner with due process. *See Hanrahan v. Lane,* 747 F.2d 1137, 1140-42 (7th Cir. 1984)(citing *Wolf v. McDonnell*, 418 U.S. 539, 558 (1974))(explaining that prisoners must be informed with an "advance written notice of the violation", a "written

3

statement of [the] fact-finding", and "the right to present witnesses and [] evidence" at a hearing before "an impartial decision making body"). In addition, due process requires that "the disciplinary decision be supported by 'some evidence.' "*See Black v. Lane,* 22 F.3d 1395, 1402 (7th Cir. 1994)(quoting in part *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 454 (1985)).

Based on Miller's pleadings, it is clear that Miller's due process rights were not violated inasmuch as Miller was served with a copy of the disciplinary report, allowed to initiate a hearing on the disciplinary report, and provided with a copy of the final summary report which was supported by evidence presented at the hearing. Miller does not contest the violations set forth in the disciplinary report and has stated in his answer that "I claim no false investigative report." (P.'s answer 4; Ex.). Accordingly, Miller's claim that the Adjustment Committee made a "mistake" when it found him guilty of the threat violation is without merit. In addition, to the extent Miller is arguing that his placement in segregation violated his due process rights, we note that Miller has failed to set forth sufficient operative facts to indicate that his placement in segregation caused an "atypical and significant hardship" to him as a prisoner. *See Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996)(quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)(stating that "the Due Process Clause is not implicated by a prisoner's placement in segregation because conditions of confinement in segregation are not significantly different from those in the general prison population.").

By attaching the disciplinary proceeding reports to his complaint, Miller has undermined the allegations set forth in his complaint and failed to state a claim for which relief can be granted. *See Thompson v. Illinois Dept. of Professional Regulation,* 300 F.3d 750,754 (7th Cir. 2002)(stating that "where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim."). Accordingly, we find that Miller's due process rights were not violated by the prison's disciplinary report, the subsequent prison investigation, or the disciplinary action imposed thereafter. Therefore, we grant Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the Defendants' motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 24, 2005

5